IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNTED STATES OF AMERICA, )
 )
        Plaintiff, )
 )
v. ) Case No. 07-20111-01-JWL
 )
MICHAEL E. KLIMEK, )
 )
        Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

The matter is presently before the Court on defendant's motion to correct a clerical error in the judgment pursuant to Fed. R. Crim. P. 36 (Doc. # 34). The motion is **granted**.

### **I.     Background**

On August 16, 2007, the defendant was charged in a two-count indictment. Count two charged that the defendant:

> unlawfully and knowingly used and carried a firearm…during and in relation to possession with intent to distribute marijuana…and [ ] in furtherance of said drug trafficking crime did possess a firearm…in violation of Title 18, United States Code, Section 924(c)(1)(A).

On February 11, 2008, defendant entered into a plea agreement with the Government. The relevant portion of the agreement stated that "the defendant agrees to plead guilty

to Count 2 of the Indictment, which charges a violation of Title 18, United States Code, § 924(c), that is, possession of a firearm in furtherance of a drug trafficking crime."

The factual basis for the guilty plea set forth in the plea agreement focused on the activity and evidence linking the defendant to drug trafficking. The following facts constituted the offense to which the defendant pled guilty (Count 2 of the Indictment): (1) DEA agents determined that marijuana was going to be delivered to a certain residence; (2) marijuana was taken inside the residence and a recipient for the drugs was observed; (3) defendant met with the recipient and entered the residence; (4) defendant exited the residence carrying a black duffel bag, which he placed in the bed of his truck before leaving the area; (5) surveillance officers followed the defendant to his residence, where DEA agents contacted him; (6) a drug detection canine indicated the presence of drugs in the truck bed, where forty individually wrapped packages of suspected marijuana were discovered inside the duffel bag; (7) the suspected marijuana was confirmed to be 39.8 net pounds of marijuana; (8) defendant's residence was searched pursuant to his consent; and (9) the search produced four firearms, distribution amounts of packaged marijuana from the refrigerator, and marijuana and a firearm from a cabinet above the refrigerator.

On June 16, 2008, the Court dismissed Count 1 of the indictment (which charged a violation of 21 U.S.C. § 841(a)(1), (b)(1)(D)) upon the government's motion, and sentenced the defendant to sixty months of imprisonment and three years of supervised release. On June 17, 2008, the Court entered a judgment indicating that the defendant

2

was adjudicated guilty of "Use And Carry Of A Firearm During And In Relation To A Drug Trafficking Crime" pursuant to 18 U.S.C. § 924(c)(1)(A).

**II.     Discussion**

Pursuant to Rule 36, defendant seeks to correct the judgment to reflect that he was convicted of possession of a firearm and not the use of a firearm. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment . . . ." Fed. R. Crim. P. 36. "[T]he preferred remedy for correcting [ ] a clerical error [is] a motion brought before the district court under Rule 36." *United States v. Nichols*, 169 F.3d 1255, 1280 (10th Cir. 1999) (finding clerical error where judgment failed to indicate defendant's acquittal on several counts).

The statute at issue here provides: "[A]ny person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). This statute consists of two separate offenses: use of a firearm during and in relation to a drug trafficking crime, and possession of a firearm in furtherance of a drug trafficking crime. *See Bailey v. United States*, 516 U.S. 137, 142-50 (1995) (clarifying requirements of "use" prong). The "use" offense "requires evidence sufficient to show an *active employment* of the firearm by the defendant." *Id.* at 143 (emphasis in original) (explaining "'use' is more than mere possession of a firearm by a person who commits a drug offense"). Examples of active

3

employment include firing, attempting to fire, brandishing, displaying, and even referring to a firearm. *Id.* at 148. "A defendant cannot be charged under [the "use" prong of] § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession." *Id.* at 149; *see U.S. v. Wacker*, 72 F.3d 1453, 1463-64 (10th Cir. 1995) (applying *Bailey*).

As Mr. Klimek highlights in his motion, the plea agreement that he executed describes Count 2 of the indictment as charging a violation of the "possession" prong of § 924(c)(1)(A) and, ultimately, Mr. Klimek agreed to plead guilty to "possession of a firearm in furtherance of a drug trafficking crime." The factual basis purportedly supporting Mr. Klimek's plea of guilty, in fact, does not support a conviction under the "use" prong of § 924(c)(1)(A). Mr. Klimek did not admit to facts that show his active employment of a firearm under *Bailey*. Rather, the factual basis supports the other charge in Count 2 of the indictment—that Mr. Klimek "possessed" firearms in furtherance of a drug trafficking crime. *See, e.g., United States v. Sanders*, 26 F. App'x 802, 804 (10th Cir. 2001) (distinguishing *Bailey* and affirming conviction under "possession" prong where gun was found with drugs and distribution materials); *cf., e.g., United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) (reversing conviction under "possession" prong where "[t]here was no evidence that the gun and drugs were ever kept in the same place or that [defendant] ever kept the gun accessible when conducting drug transactions").

4

Inconsistent with the plea agreement, the judgment reflects that Mr. Klimek is guilty of "use and carry of a firearm during and in relation to a drug trafficking crime." Thus, Mr. Klimek pled guilty to and was convicted of one of the two offenses charged in Count 2 of the indictment (the "possession" prong of § 924(c)(1)(A)), but the judgment indicates he pled guilty to and was convicted of the other offense (the "use" prong of § 924(c)(1)(A)). The plea agreement establishes the true nature of Mr. Klimek's conviction and provides evidence of the clerical error for the purpose of correction.

The Government argues that the "use" and "possession" prongs are set forth under the same statutory subsection, the penalties for violating either prong are identical, and the clerical error in the judgment has not affected Mr. Klimek's Bureau of Prisons (BOP) security classification or his eligibility for BOP programs. The Court's correction of the "Nature of Offense" portion of the judgment will not prejudice the Government, however, and will ensure that Mr. Klimek's imprisonment term is not adversely affected. Therefore, the Court grants defendant's motion to correct the judgment.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to correct an error in the judgment (Doc. #34) is **granted**, and the judgment in this case shall be amended to reflect defendant's conviction of "possession of a firearm in furtherance of a drug conviction crime" under 18 U.S.C. § 924(c)(1)(A)(i).

IT IS SO ORDERED.

Dated this 19th day of October, 2009, in Kansas City, Kansas.

                                             s/ John W. Lungstrum
                                             John W. Lungstrum
                                             United States District Judge